## ROTHMAN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.
April 11, 1927.)

No. 4837.

Aliens ⊚⟾71½(3)—Finding that applicant did not intend in good faith to become permanent citizen, held warranted, justifying cancellation of certificate for fraud (Act June 29, 1906, § 15 [Comp. St. § 4374]).

Evidence *held* to warrant finding that applicant for citizenship, who after receiving certificate resided and carried on business abroad, did not, at time of obtaining certificate, intend in good faith to become a permanent citizen of

United States, justifying cancellation of certificate under Act June 29, 1906, § 15 (Comp. St. § 4374), as fraudulently procured.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Suit by the United States against Morris Nathan Rothman to cancel certificate of citizenship as fraudulently procured. Decree for the United States, and Rothman appeals. Affirmed.

Sigmund M. Thorn, of Cleveland, Ohio (Ida J. Hausman, of Cleveland, Ohio, on the brief), for appellant.

Irene Nungesser, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. The District Court, under section 15 of the Act of June 29, 1906, 34 Statutes at Large, 596, 601 (Comp. St. § 4374), entered a decree setting aside and canceling, as fraudulently procured, a certificate of citizenship issued to Morris Rothman on the 15th day of January, 1914. Rothman came to this country from Hungary in 1896. He is married, and is the father of nine children, all born in this country. In April of 1914, he obtained a passport for himself and his family and left the country, arriving at Jaffa, Palestine, on May 21, 1914, where he has since resided. He registered with the American consul in Palestine in 1915, but did not thereafter attempt to register until 1921. During his residence in Jaffa he carried on the business of a manufacturer of foodstuffs, erecting a building in the city, a part of which he occupied as a residence, using the other part as a store. He claims that because of predisposition to tuberculosis in his family he was advised to take them to Palestine; that it was necessary, while sojourning there, that he engage in some business for a livelihood; and that it was his intention, throughout the entire time, to return eventually to the United States, but that his return had been prevented by the World War, lack of funds, or ill health of some member of his family.

The question is one of fact, the statute making permanent residence in any foreign country within five years after the issuing of a certificate of citizenship prima facie evidence of lack of intention on the part of the alien, at the time the certificate was issued, to become a permanent citizen of the United States. The government did more than make out a prima facie case under the statute. It introduced evidence which, wholly apart from the statute, supports an inference that appellant did not, at the time of obtaining his certificate, intend in good faith to become a permanent citizen of this country. On its facts the case is like Luria v. United States, 231 U. S. 9, 34 S. Ct. 10, 58 L. Ed. 101. The trial court thought the evidence for appellant did not overcome the inferences deducible from the admitted facts. We are not prepared to hold otherwise.

Judgment affirmed.